SUPREME COURT OF THE STATE OF NEW YORK
COUNTY SARATOGA
-----------------------------------------------------------------X

LISA VITIELLO, individually and on behalf of others similarly situated,

                        Plaintiffs,

-against-

HOME BUYERS RESALE WARRANTY CORP., d/b/a 2-10 HOME BUYERS WARRANTY,

                        Defendant.

-----------------------------------------------------------------X

Index No.
Dated Filed:

**SUMMONS**

Plaintiff designates venue as Saratoga County

Basis of Venue is location of Plaintiff's Residence

**TO: THE ABOVE DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York, and in the case of your failure to appear, judgment will be taken against you by default for the relief demanded herein.

Dated:      Saratoga Springs, New York
             October 16, 2020

                           MASTROPIETRO LAW GROUP, PLLC
                           *Attorneys for Named Plaintiff & Putative Class*

                         By:_____
                             John P. Mastropietro
                       63 Franklin Street
             Saratoga Springs, New York 12866
             (518) 226-0700

**Plaintiff's Address:**
Lisa Vitiello
23 Murphy Lane
Saratoga Springs, New York 12866

**Defendant's Address:**
Home Buyers Resale Warranty Corp. d/b/a
2-10 Home Buyers Warranty
13900 E. Harvard Avenue
Aurora, Colorado 80014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA
-----------------------------------------------------------------------X
LISA VITIELLO, individually and on behalf of others similary situated,

       Plaintiffs,

 -against-

HOME BUYERS RESALE WARRANTY CORP., d/b/a
2-10 HOME BUYERS WARRANTY,

       Defendant.
-----------------------------------------------------------------------X

Index No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

  The named Plaintiff LISA VITIELLO (the "Named Plaintiff"), by her attorneys, Mastropietro Law Group, PLLC, allege upon personal knowledge as to herself and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

  1. This action is brought by the Named Plaintiff and others similarly situated to recover illegal fees charged by defendant, Home Buyers Resale Warranty Corp., d/b/a 2-10 Home Buyers Warranty ("2-10"), to participate in arbitration and/or mediation in violation of New York General Business Law § 777-b(4)(h).

  2. Upon information and belief, prior to 2017 and continuing through the present, defendant 2-10 has engaged in a pattern and practice of issuing new home warranty policies to New York residents that require claimants to pay a fee in order to participate in arbitration in violation of New York State law.

  3. The Named Plaintiff has initiated this action on behalf of herself and others similarly situated seeking to recover such illegal fees charged in connection with arbitration of warranty claims pursuant to the policies issued by 2-10.

## THE PARTIES

4. Named Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "3" of this Complaint as if fully set forth herein.

5. The Named Plaintiff, Lisa Vitiello, was at all relevant times hereto and is an individual and a resident of the State of New York with an address located at 23 Murphy Lane, Saratoga Springs, New York 12866.

6. In or around January 2017, Lisa Vitiello entered into a Contract for Purchase and Sale of Real Estate in connection with a new home located at 23 Murphy Lane, Saratoga Springs, New York. The contract incorporated by reference a "Limited Home Buyers Warranty" (the "Warranty") issued by defendant 2-10 covering the property.

7. Upon information and belief, defendant 2-10 is a foreign corporation organized and existing by virtue of the laws of the State of Michigan, with its principal office located at 13900 E. Harvard Avenue, Aurora, Colorado 80014.

## CLASS ALLEGATIONS

8. Named Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "7" of this Complaint as if fully set forth herein.

9. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

10. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every other New York resident to whom defendant 2-10 issued a Warranty and were required to pay a fee to participate in arbitration proceedings in connection with claims asserted thereunder.

2

11. The Named Plaintiff and putative class members are all victims of defendant 2-10's common policy and/or plan to violate New York statutory law by unlawfully charging a fee to assert their right to arbitrate warranty claims made pursuant to a the Warranty" issued by defendant 2-10.

12. Upon information and belief, defendant 2-10 uniformly charged an illegal arbitration fee to all New York residents to whom 2-10 issued a "Limited Home Buyers Warranty" and subsequently asserted a disputed claim thereunder.

13. The putative class is so numerous that joinder of all members is impracticable. Upon information and belief, the size of the putative class is believed to be more than fifty (50) individuals. In addition, the names of all potential members of the putative class are not known.

14. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether defendant 2-10 unlawfully charged the Named Plaintiff and members of the putative class to pay a fee to participate in arbitration in connection with such claims.

15. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all issued a "Limited Home Buyers Warranty" by defendant 2-10 and subsequently charged a fee to participate in arbitration in connection with a disputed claim asserted thereunder. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of defendant 2-10's actions.

16. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

17. The Named Plaintiff has retained counsel experienced in complex commercial litigation.

3

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against defendant 2-10.

20. Managing a class action will not result in undue difficulties.

21. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to defendant 2-10's unlawful "Limited Home Buyers Warranty" policies.

## FACTS

22. Named Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "21" of this Complaint as if fully set forth herein.

23. Upon information and belief, prior to 2017 and continuing through the present, defendant 2-10 has engaged in a pattern and practice of issuing new home warranty policies to New York residents that require claimants to pay a fee in order to participate in arbitration in violation of New York State law.

24. In or around January 2017, defendant 2-10 issued the Warranty to the Named Plaintiff, Lisa Vitiello, in connection with her purchase of a new home located at 23 Murphy Lane, Saratoga Springs, New York.

25. Thereafter, the Named Plaintiff encountered numerous issues with the construction of her new home. Upon discovery of the numerous issues with the new construction, the Named Plaintiff asserted a claim under the Warranty issued by defendant 2-10.

4

26. General Business Law §777-b(4)(h) provides, in relevant part, that: "an owner shall not be required to submit to binding arbitration or to pay any fee or charge for participation in nonbinding arbitration or any mediation process." N.Y. General Business Law § 777-b(4)(h).

27. In violation of General Business Law §777-b(4)(h)'s express mandate, the Warranty mandated that the Named Plaintiff proceed to binding arbitration. Moreover, upon invoking her right to arbitrate, per the terms of the Warranty, the Named Plaintiff was compelled to pay six-hundred twenty-five ($625) dollars to participate therein.

28. Because the Warranty issued to the Named Plaintiff mandated binding arbitration and compelled her to pay six-hundred twenty-five ($625) dollars to participate therein, the Warranty does not comply with General Business Law § 777-b(4)(h).

29. Upon information and belief, like the Named Plaintiff, defendant 2-10 issued the same or substantially similar Warranties to other members of the putative class and required all putative class members to pay a similar fee to participate in arbitration in connection with any Warranty claims asserted thereunder.

### AS AND FOR A FIRST CAUSE OF ACTION
### (FOR VIOLATION OF N.Y. GENERAL BUSINESS LAW § 777-B)

30. Named Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "29" of this Complaint as if fully set forth herein

31. The provisions of N.Y. General Business Law § 777 *et seq.*, is a consumer protection statute designed to protect the "Owners" of "New Homes," including the Named Plaintiff and members of the putative class. See N.Y. General Business Law § 777(6)

32. Pursuant to General Business Law §777-b(4)(h): "an owner shall not be required to submit to binding arbitration or to pay any fee or charge for participation in nonbinding arbitration or any mediation process." N.Y. General Business Law § 777-b(4)(h).

5

33. Here, the Named Plaintiff, and upon information and belief, other members of the putative class, each asserted warranty claims in accordance with the Warranty issued by defendant 2-10.

34. Per the terms of the Warranty issued by defendant 2-10, the Named Plaintiff, and upon information and belief, other members of the putative class were required to submit to binding arbitration in connection with claims asserted thereunder.

35. Per the terms of the Warranty issued by defendant 2-10, the Named Plaintiff and, upon information and belief other members of the putative class, were required to pay a fee to participate in binding arbitration in connection with claims asserted thereunder.

36. By the foregoing reasons, defendant 2-10 violated N.Y. General Business Law § 777-b(4)(h) and is liable to the Named Plaintiff and members of the putative class, in an amount to be determined at trial, plus interest, attorneys' fees and costs

**WHEREFORE**, the Named Plaintiff, Lisa Vitiello, individually and on behalf of all other persons similarly situated who were employed by defendant 2-10, seek the following relief: (i) on the first cause of action, against defendant 2-10 in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to General Business Law § 777 *et seq.*; and (ii) such other and further relief the Court may deem just, equitable and proper.

Dated:   Saratoga Springs, New York
         October 16, 2020

                                              **MASTROPIETRO LAW GROUP, PLLC**
                                              *Attorneys for Named Plaintiff & Putative Class*

                                              By: _____
                                                   John P. Mastropietro
                                              63 Franklin Street
                                              Saratoga Springs, New York 12866
                                              (518) 226-0700